U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 12 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KEVIN FELTS (#45128-079) | DOCKET NO. 15-CV-2456; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE PEREZ-MONTES |

**REPORT AND RECOMMENDATION**

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Kevin Felts. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. He claims that he is actually innocent of a crime of which he was convicted.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

*Procedural History*

On December 3, 2007, Petitioner Kevin Felts was convicted of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), money laundering in violation of 18 U.S.C. § 1956(a)(2)(A) and (B)(i), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). See U.S. v. Felts, 579 F.3d 1341 (11th Cir. 2009). The district court sentenced Felts to 210 months of imprisonment, three years of supervised release, and a $20,000 fine. Id. The conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals. Id.

Petitioner's first motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 was denied on January 20, 2011, as untimely. See U.S. v. Aguiar, No. 2:05-cr-21 (N.D. Ga. Jan. 20, 2011). Petitioner then filed two successive § 2255 motions. See Felts v. U.S., No. 2:2011-cv-00239 (N.D. Ga. Oct. 27, 2011); Felts v. Executive Branch, No. 2:2012-cv-00204 (N.D. Ga. Dec. 3, 2012). The successive motions were dismissed because Petitioner did not obtain authorization from the court of appeals to file a successive motion. Petitioner's motion for certificate of appealability was denied. See Felts v. Executive Branch, No. 12-16535 (11th Cir. June 19, 2013).

On June 20, 2013, Petitioner filed a habeas petition pursuant to § 2241 in the Eastern District of Texas, claiming that the court of conviction exceeded its criminal jurisdiction as defined by the Constitution and relevant statutes. See Felts v. Vasquez, No. 1:13-cv-420, 2014 WL 174347, at *1 (E.D. Tex. Jan. 9, 2014). The district court dismissed the petition because Petitioner did not meet the elements of § 2255's "savings clause." Id.

Petitioner then filed a § 2241 petition in this District Court challenging the legality of his sentence. (1:13-cv-2605). Petitioner claimed that the sentence included enhancements beyond the prescribed mandatory minimum that should have been submitted to a jury for a finding beyond a reasonable doubt. (1:13-CV-2605, Doc. 1). Petitioner asked that his sentence be vacated and that a lesser

sentence be imposed. (1:13-CV-2605, Doc. 1). The petition was dismissed for lack of jurisdiction, and the judgment was affirmed on appeal. See Felts v. Warden, No. 14-30475 (5th Cir. Dec. 8, 2014).

In the current § 2241 petition, Felts claims that he is actually innocent of the felon in possession conviction.

### Law and Analysis

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Petitioner seeks to collaterally attack one of his convictions. Thus, Petitioner's claim is more appropriately raised in a § 2255 motion.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences if they satisfy the § 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of habeas corpus pursuant to § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his

claim is based on a retroactively applicable Supreme Court decision that establishes that he may have been convicted of a nonexistent offense; and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. See Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. See Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner does not cite any Supreme Court decision that is retroactively applicable and establishes that he was convicted of a nonexistent offense, nor does he show that his claim was "foreclosed" by the Eleventh Circuit at the time of his trial, direct appeal, or first § 2255 motion. See Reyes-Requena, 243 F.3d at 904.

Petitioner argues that he is actually innocent of the felon in possession conviction. However, a claim of actual innocence does not provide an exception to the requirement that a petitioner must qualify under the "savings clause" of § 2255 to challenge his conviction and sentence in a § 2241 petition. The Fifth Circuit has

4

consistently held that federal habeas law does not recognize a freestanding actual-innocence claim. See In re Swearingen, 556 F.3d 344, 348 (5th Cir. 2009); see also Foster v. Quarterman, 466 F.3d 359, 367 (5th Cir. 2006)(actual-innocence is not an independently cognizable federal habeas claim).

Before filing a second or successive § 2255 petition, Felts must get approval from the appropriate Court of Appeals. See Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003).

## *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Felts's petition be **DENIED and DISMISSED** for lack of jurisdiction.

## *Objections*

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and **Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN**

FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 12th day of January, 2016.

Hon. Joseph H.L. Perez-Montes
United States Magistrate Judge